USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/8/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | 1:18-cv-8803 (LGS) |
| WILLIAM C. SKELLEY | [PROPOSED] FINAL DEFAULT JUDGMENT AS TO DEFENDANT WILLIAM C. SKELLEY |
| and | |
| SOHIN S. SHAH, | |
| Defendants. | |

**WHEREAS,** this matter came before the Court on Plaintiff United States Securities and Exchange Commission's ("Plaintiff") application for entry of default judgment against Defendant William C. Skelley ("Defendant Skelley") pursuant to Federal Rule of Civil Procedure 55(b)(2);

**WHEREAS,** on March 6, 2019, the Court entered an Order (Dkt. No. 29):

(A) authorizing Plaintiff to serve Defendant Skelley with a summons and the Complaint via email at william.christopher.info@gmail.com and w.skelley@icloud.com;

(B) authorizing Plaintiff to serve Defendant Skelley with a summons and the Complaint through his counsel, David A. Fleissig, Esq., via overnight courier at Dontzin Nagy & Fleissig LLP, 980 Madison Avenue, New York, NY 10075 and via email at

dafleissig@dnfllp.com; and

(C) giving Defendant Skelley 21 days after the filing of proof of service to respond to the Complaint and summons;

**WHEREAS,** on March 7, 2019, the Complaint and Summons in this action were served on Defendant Skelley via electronic mail at william.christopher.info@gmail.com and w.skelley@icloud.com and through Defendant Skelley's counsel, David A. Fleissig, Esq., at dafleissig@dnfllp.com and via overnight courier to David A. Fleissig, Esq., at Dontzin Nagy & Fleissig LLP, 980 Madison Avenue, New York, NY 10075;

**WHEREAS,** on March 8, 2019, Plaintiff filed the Notice of Service (Dkt. No. 32);

**WHEREAS,** Defendant' Skelley's Answer was due March 29, 2019 (Dkt. No. 39);

**WHEREAS,** on April 23, 2019, the Clerk of the United States District Court for the Southern District of New York entered Clerk's Certificate of Default as to Defendant William C. Skelley;

**WHEREAS,** on May 1, 2019, Plaintiff filed its application, including the Declaration of Doressia L. Hutton in support of Default Judgment and Exhibits, for default judgment by proposed order to show cause;

**WHEREAS,** on ~~May XXXXX~~ June 5, 2019, the Court scheduled a hearing on Plaintiff's application and entered an order for Defendant Skelley to show cause, if any exists, by ~~May XXX~~ July 2, 2019 why a default judgment should not be entered against Defendant Skelley;

**WHEREAS,** on ~~May XX~~ June 5, 2019, Plaintiff filed a declaration of service that Defendant Skelley was served with a copy of the Order to Show Cause, supporting papers, and Proposed Order of Default Judgment;

**NOW THEREFORE,** for good cause shown:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Plaintiff's application for a default judgment against Defendant Skelley is GRANTED;

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)	to employ any device, scheme, or artifice to defraud;

(b)	to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)	to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant ~~is~~ may be liable for disgorgement of ~~$1,073,746.65~~, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon ~~in the amount of~~

4

~~$184,655.27~~, and a civil penalty ~~in the amount of $XXXXXXXX~~ pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] -- in amounts to be determined in a post-default judgment inquest. Defendant shall satisfy this obligation by paying ~~$XXXXXXXX~~ to the Securities and Exchange Commission within 14 days after entry of ~~this~~ the Order with the computed amounts.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; William C. Skelley as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of ~~this Final Judgment~~ the Order with the computed amounts. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission

shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that [it, he, she] is entitled to, nor shall [it, he, she] further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as

alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____July 8_____, 2019
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE