UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

         Plaintiff,

-against-

WILLIAM C. SKELLEY, *et al.*,

         Defendants.

18cv8803 (LGS) (DF)

**SCHEDULING ORDER
FOR DAMAGES INQUEST**

**DEBRA FREEMAN, United States Magistrate Judge:**

In the above-captioned case, plaintiff Securities and Exchange Commission (the "SEC") has asserted claims for securities violations against defendants William C. Skelley ("Skelley") and Sohin S. Shah ("Shah")[1] (collectively, "Defendants"). After Skelley failed to answer or otherwise respond to the Complaint, the Clerk of the Court entered a default against him on April 23, 2019. (Dkt. 39.) On May 1, 2019, the SEC then made an application, by Order to Show Cause, for a default judgment (1) permanently enjoining Skelley from violating the antifraud provisions of certain federal securities laws, specifically Section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a) (the "Securities Act")), Section 10(b) of the Securities and Exchange Act of 1934 (15 U.S.C. § 78j(b) (the "Exchange Act")), and Rule 10-b5 thereunder (17 C.F.R. § 240.10b-5); (2) requiring Skelley to disgorge ill-gotten gains and to pay prejudgment interest; and (3) ordering Skelley to pay third-tier civil penalties. (*See* Proposed Order to Show Cause for Default Judgment, filed May 1, 2019 (Dkt. 42).)

---

[1] After Shah entered a general appearance and consented to the Court's jurisdiction, the SEC and Shah reached a settlement. A final judgment was then entered against Shah on July 15, 2019. (*See* Dkt. 62.)

On July 8, 2019, the Honorable Lorna G. Schofield, U.S.D.J., granted the SEC's application for a default judgment as to Skelley's liability and permanently enjoined him from violating certain securities law (*see* Dkts. 58, 59), but referred the matter to this Court for a calculation of damages (*see* Dkts. 59, 60). As Judge Schofield expressly noted in the referral, the SEC, as a part of its application, had submitted two employee declarations that provided "some supporting evidence and argument for the SEC's proposed amounts" (Dkt. 60) – particularly as to disgorgement and prejudgment interest. (*See* Declaration of Doressia L. Hutton in Support of Default Judgment, dated May 1, 2019 (Dkt. 43) ("Hutton Decl."); *see also* Declaration of Luz M. Aguilar, executed April 29, 2019 (Dkt. 43-2) ("Aguilar Decl.").) Those submissions, however, did not specify and support the SEC's request for the imposition of civil penalties. Thus, on August 15, 2019, the SEC submitted a supplemental statement to this Court specifying the factual and legal bases for the proposed amount of third-tier civil penalties. (*See* [SEC's] Statement Specifying Requested Amount of Civil Penalty as to Defendant William C. Skelley, dated Aug. 15, 2019 (Dkt. 63) ("SEC's Civil Penalty Statement").)

It appears from the Docket that the SEC served its damages submissions on Skelley (*see* Dkt. 47 ¶ 2; Dkt. 63, at 5), and this Court additionally notes that, after Skelley previously informed the Court that he was no longer represented by counsel (*see* Dkt. 46), Judge Schofield cautioned him that, because he had not formally provided the Court with a mailing address, he would be "responsible for monitoring the docket for any updates" (Dkt. 49, at 2). Despite this, Skelley has not, to date, filed any response to the SEC's submissions.

Nonetheless, and although the well-pleaded allegations of the Complaint establish Skelley's liability on the pleaded claims, this Court notes that it never expressly informed Skelley that, if he wished to contest the amount of the damages, interest, and penalties being

2

sought by the SEC, he could submit opposition papers and/or request a hearing. Nor did this Court set a deadline for Skelley to do so, or warn him that, if he failed to oppose the SEC's damages application, the Court would proceed to assess damages based on the SEC's submissions alone. Accordingly, before this Court issues a report and recommendation to Judge Schofield as to the amount of the monetary award – potentially including disgorgement of ill-gotten gains, pre-judgment interest, and civil penalties – that should be included in the judgment against Skelley, it is hereby ORDERED that:

1. If Skelley wishes to contest the amounts being requested by the SEC, then, **no later than January 29, 2021**, he shall submit to the Court his response to the disgorgement, interest, and penalty calculations that are set out in the SEC's submissions. If Skelley wishes to proceed *pro se* (in other words, without counsel) in filing a response to the SEC's submissions, then his response should be made in accordance with the attached filing instructions, which apply to *pro se* filings made during the period in which this Court remains affected by the COVID-19 pandemic.

2. IF SKELLEY FAILS TO RESPOND TO THE SEC'S SUBMISSIONS BY JANUARY 29, 2021, THEN THIS COURT WILL PROCEED TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF THE SEC'S WRITTEN SUBMISSIONS ALONE. FURTHER, THIS COURT WILL NOT HOLD A HEARING ON DAMAGES, UNLESS SKELLEY REQUESTS A HEARING, IN WRITING, BY JANUARY 29, 2021. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . . a hearing"); *Fustok v. ContiCommodity Servs. Inc.,* 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a

hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

      3.      The SEC is directed to serve a copy of this Order on Skelley by means reasonably calculated to reach him, and to file proof of such service by no later than January 14, 2021.

Dated: New York, New York
       January 11, 2021

                                           SO ORDERED

                                           _____
                                           DEBRA FREEMAN
                                           United States District Judge

<u>Copies to</u>:

Plaintiff's Counsel (via ECF)

**Notice to Defendant Regarding How To Make *Pro Se*
Filings During the Period of the COVID-19 Outbreak:**

The Court's *Pro Se* Office is not open for in-person visits at this time. Accordingly, until further notice by the Court, if defendant Skelley ("Defendant") wishes to proceed without counsel, then any filings by him should be made in one of the following three ways:

(1) <u>By email.</u> This is the fastest way to file documents at this time. To file by email:

   (a) Defendant must sign the document, either by signing before scanning or by typing his name after an s-slash, like this: "/s/ William C. Skelley,"

   (b) the document must include Defendant's name, address, phone number, and email address (if available), and

   (c) the subject line of the email must state that it is a *pro se* filing, and include the case number, as follows: "*Pro Se* Filing – 18cv8803."

   The response may then be emailed to the following email address: Temporary_Pro_Se_Filing@nysd.uscourts.gov
   Documents submitted by email that do not comply with these instructions will be disregarded.

(2) <u>By Drop Box.</u> If Defendant is unable to email the materials he wishes to file, then he may drop them off at the courthouse. The drop box is located in the lobby of the 200 Worth Street entrance to the Daniel Patrick Moynihan ("DPM") Courthouse, next to the security station, and is available 24 hours a day and 7 days a week to drop off filings. The Clerk's Office will retrieve drop box filings during the hours of 8:30 a.m. to 4:00 p.m., Monday through Friday. The materials should be clearly marked with Defendant's name and the case number.

(3) <u>By mail.</u> Defendant may mail any papers to be filed to the DPM Courthouse, at the following address:

   *Pro Se* Intake Unit
   U.S. Courthouse
   500 Pearl Street
   New York, NY 10007.